*W. E. Riley, for appellant.*

*Clemmons, Willis, for appellees.*

---

R. B. DUNN *v.* W. O. BRADLEY.

**Appeal—Reversal.**

Where the petition or the evidence shows that a contract is against public policy, a judgment thereon for plaintiff will be set aside on appeal, although defendant failed to plead.

**Attorney and Client—Fraud—Attitude of Attorney.**

There is no material difference in the attitude of an attorney who defends an action instituted to set aside a fraudulent deed and the attitude of one who advised and assisted in the execution of the deed.

**Attorney and Client—Duty of Attorney.**

It is the duty of an attorney for defendant to insist that the right to the relief as sought by the plaintiff should be established according to the rules of judicial procedure.

APPEAL FROM GARRARD CIRCIUT COURT.

February 6, 1873.

ON PETITION FOR REHEARING.

OPINION BY JUDGE LINDSAY:

After a careful consideration of the petition for a rehearing, the court is constrained to adhere to the opinion delivered on

the 3d of January. See Dunn v. Bradley, 6 Ky. Opin. 241. It is true that appellant did not plead or rely upon the fact that the contract set up in the petition was against public policy, but as it is a settled principle of law that the courts will not enforce contracts that are illegal or vicious, the failure of the party sued to plead does not preclude the consideration of such facts, in case they are made to appear either by the petition or by competent testimony.

In the case of Wood v. McCann, 6 Dana 366, there was a judgment by confession, and yet, upon appeal, this court declined to reverse only because the members were "though doubtingly, inclined to the conclusion that, as jealous as the law and its judicial organs should ever certainly be of such contracts" as that then being considered, there was scarcely enough in the record before them to decide as matter of law, that the note on which the judgment was rendered, was given for an illegal or vicious consideration, and therefore not legally obligatory. The same doctrine was announced in the case of Hocker et al. v. Gentry et al., 3 Met. 463, and the judgment therein in favor of Gentry against Hocker, reversed upon the facts presented by the record, although the illegality of the consideration of the contract was not pleaded or relied on. This case disposes of the objection that this court has afforded relief to Dunn, who was the party benefited by the fraudulent transfer of his property. As matter of fact this court has done no more than to declare erroneous a judgment which under the law ought not to have been rendered, and directed the circuit court to leave the parties to the transaction just where they placed themselves. This much it was necessary to do, otherwise the law would have been successfully invoked to aid in the enforcement of an illegal contract. The record does not warrant the conclusion that Dunn conveyed his estate for the purpose of preferring his wife to other creditors, nor to secure her on account of moneys belonging to her he had used, and the petition discloses that the conveyances were made to place his property "beyond the control of his creditors."

Dunn may have consulted with attorneys as to the mode by which he could secure his wife, and may have stated that he had used her money; but these statements are not shown to be

true, and the language of the item in appellee's account demonstrates conclusively that he did not believe them to be true.

Although Dunn, and wife and brothers were the parties actively participating in the fraud, and the attorney received nothing thereby, yet it can not be said that the injury to the creditors did not, in fact, result from his counsel and advice. It is in proof that Dunn attributed his success wholly to the services of the appellee and his partner; that he stated to the witness, Glass, "that he had been in Nicholasville and Lexington to get advice from lawyers, but got none calculated to do him any good, and had then gone to the Bradleys, and they had advised him and gotten the whole thing conveyed for him, and he was then getting along well." From the manner in which the issues were made up in the circuit court, it is but fair to assume that this evidence was offered by appellees, and heard by the court in his behalf. There is no material difference in the attitude occupied by the attorney who defends an action instituted to set aside a fraudulent deed, and one who advises and assists in the execution of it.

Every man, when sued, has the right to defend. He may be heard by himself or counsel. The complainant must make out his case, and the defending attorney may and ought to insist that the right to the relief sought shall be manifested according to the established rules of judicial procedure, just as the attorney defending the criminal ought to demand that whether guilty or innocent, his client shall receive the full benefit of all the rules of law intended to secure fair and impartial trials to those charged with crime.

We are satisfied that the petitioner is mistaken in the assertion that "there is probably not a lawyer in the state of Kentucky, of any prominence, who has not engaged in this practice." Dunn could find no lawyer in Nicholasville or Lexington who would or could give him the advice desired, and the witness who had acted for many years as Dunn's regular counsel gave him no such advice.

The petition must be overruled.

*McKee, Hopper,* for appellant.

*Bradley, James,* for appellee.